JOHN P. COLWELL v. RICHARD R. BRITTON.

*Partnership, as to third parties—Profit sharing.*

In the absence of a partnership in fact, merely sharing in profits does not create one as to third parties who have not been legitimately led to believe that such relation existed: *Beecher v. Bush*, 45 Mich. 188.

Error to Genesee. (Newton, J.) Argued January 7, 1886. Decided January 27, 1886.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Long & Gold* and *A. U. Wood*, for appellant:

If Larned was to share in the profits of the business carried on in the name of John P. Colwell, that fact would make him a partner as far as third persons are concerned: *Sager v. Tupper*, 38 Mich. 258.

*James L. Topping*, for plaintiff:

The evidence shows conclusively, and the jury so found by their verdict, that Larned was not a partner of plaintiff, but his hired agent, and that he had been discharged and had no right or authority to sell the buggy in suit. Counsel cited on question of partnership: *Beecher v. Bush*, 45 Mich. 188; *Eastman v. Clark*, 53 N. H. 276.

CAMPBELL, C. J. Plaintiff replevied a buggy from defendant, which defendant claimed to have purchased from one Horace J. Larned, either as partner or agent of plaintiff. The jury found against defendant under a charge which would, if followed, indicate that he was not a *bona fide* purchaser, and the effect of the verdict would be to render unimportant several of the assignments of error. Nevertheless we shall make reference to such of them as are insisted on.

It appears that in the early part of 1883 an arrangement was made between plaintiff and one Horace J. Larned, whereby the latter was to sell buggies and agricultural

implements upon a compensation of a certain share of the net profits. If this was a partnership, the court charged that plaintiff could not recover ; and the only errors sustained by the record on this subject are a refusal of the court to charge absolutely that sharing in the profits made them partners as to third persons. Charging that if they were partners plaintiff could not recover, was equivalent to charging that, if they were, there was no proof of dissolution. It was held in *Beecher v. Bush*, 45 Mich. 188, and we conceive it to be elementary doctrine, that merely sharing in profits, where third persons have not been legitimately led to believe there was a partnership, does not create one as to them, unless there was one in fact.

Among other things, it was attempted to rely on plaintiff's sudden departure as a circumstance bearing more or less on Larned's equities, and right to deal with the property, after plaintiff had attempted to discharge him from his agency. It was not, therefore, improper to allow plaintiff's solvency and wealth to be shown, although in the charge of the court it was not made important, and it had evidently no particular effect on the result.

In the absence of partnership, the whole question was whether defendant bought in good faith upon a supposition of the authority of Larned to deal as he did. His claim is that Larned sold to him on credit, he being required to pay $25 cash, and his note for $50 due in thirty days. The bargain was made in the road, and at the time, he paid five or six dollars and the balance afterwards. The remainder of the $25 in money was paid, and the note given, as he admits, after he had been notified of the plaintiff's rights.

The court sufficiently guarded all rights which defendant could have had under any *bona fide* and authorized reliance on Larned's apparent authority, and no serious contest is made on that head by the argument.

Complaint is made that the father of Horace Larned, was improperly allowed to be questioned concerning a plough belonging to plaintiff's stock, which he had taken, and which he admitted taking, but denied concealing. It was no doubt

irrelevant to the main issue ; but it was not improper cross-
examination, as bearing on the character and bias of the wit-
ness.

We make no reference to the assignments of error not
argued.

The judgment must be affirmed.

The other Justices concurred.