### E. EMBERSON v. McKENNA & BIGGER.

#### (No. 6230.)

APPEAL from Grayson County. Opinion by WHITE, P. J.

BROWN & BLISS and E. C. McLEAN, counsel for appellants.

No counsel appeared for appellee.

§ **94.** *Depositions; officer's certificate thereto must show that the answers were signed and sworn to by the witness; case stated.* Appellees brought suit upon an account against appellant, Emberson, and one Ed Ballew, alleging that the defendants were partners, and that the goods specified in said account were sold to and purchased by the firm of Emberson & Ballew. Defendant Ballew did not answer. Emberson, in his answer, denied under oath that any such partnership as that of Emberson & Ballew ever existed, and specially set out the contract or agreement which had subsisted between himself and Ballew, to the effect that Emberson had let Ballew, who had a grading contract on the St. Louis, Arkansas &

Texas Railway in Texas, have a lot of unbroken mules to use on said work, the said Ballew to pay to Emberson, as hire for said mules, the one-half of what he made. On the trial in the county court Emberson was found liable for the debt as a partner of Ballew, and verdict and judgment in favor of the plaintiffs were rendered for $503.70. From this judgment Emberson appeals.

1. Defendant filed written exceptions before the case was called for trial to the depositions of S. A. and S. E. Hartline, witnesses for plaintiffs, for defects in the mode and manner of taking the same, as shown by the caption and certificate of the officer taking the same. The caption was as follows: "McKenna & Bigger v. Emberson & Ballew. Answers of interrogatories of S. Hartline in a suit pending in county court of Grayson county, Texas, March term, 1888. Interrogatories to S. E. Hartline." The certificate is as follows: "The state of Texas, county of Hunt. Before me, A. S. Jackson, a notary public in and for Hunt county, on this day personally appeared before me S. E. Hartline, and, after being duly sworn according to law, answered on oath the within interrogatories and cross-interrogatories, and says they are true and correct to the best of her knowledge and belief. Sworn to and subscribed before me, this the 7th day of March, 1888. A. D. JACKSON, Notary Public, Hunt Co., Tex." The caption and certificate to the answer of S. A. Hartline are the same as the above. The caption does not in any manner identify the witnesses as those named in the commission, nor does it identify the answers with the authority conferred by any commission. The certificate does not state that the answers were "signed and sworn to by the witness before him" [R. S., art. 2229], and is therefore fatally defective. As directly in point, see Railway Co. v. Brousard, 69 Tex. 617, and authorities cited. Exceptions to the depositions should have been sustained and the depositions excluded as evidence.

**§ 95.** *Partnership; common repute and the declarations of a party not evidence of the existence of, when; profits of a business; sharing of, does not alone make a party a partner.* With regard to the other questions raised as to the admissibility of evidence and the charge of the court, without discussing them *seriatim,* which we have not the time to do, it occurs to us that a statement of the principles of law applicable to the facts of the case will be sufficient to indicate the errors and guard against their recurrence on another trial. As to facts: Emberson denied under oath the partnership. Plaintiffs were allowed to prove the declarations of Ballew that Emberson was his partner, made when Emberson was not present; Ballew's signing the partnership name to orders, etc., which he gave without Emberson's knowledge or consent; Ballew's purchasing goods from other parties in the name of the firm; and in fact general reputation that the partnership existed. On the other hand, it is shown that when these matters were first called directly to the attention of Emberson he expressly and positively denied and repudiated such partnership. It will be remembered that Emberson let Ballew have his mules, and Ballew was to break them to work, and, after they were broken, then Ballew was to pay by way of hire for the mules the one-half of what he might make out of any work in which they were used. Under this agreement Ballew represented Emberson as his partner, and used his name as such in securing credit. Evidence of a party's declaration that he and defendant were partners, and also of the common repute in the vicinity of the transaction in controversy that such relation existed, is incompetent to prove a partnership. [Buzard v. Jolly (Tex.), 6 S. W. Rep. 422.] This same doctrine was re-affirmed by our supreme court in the case of Wallis v. Wood, decided by the commissioners of appeal, February 7, 1888, and reported in 7 S. W. Rep. 852. These two cases have not been published in the Texas

Reports. The doctrine they announce seems, upon the propositions above stated, to be well supported by authority, most of which is cited in the latter case. The doctrine seems indeed to be too well settled at this day to admit of question. It was error for the court to admit, in conflict with these rules, the evidence complained of, and set out in appellant's bill of exceptions. [Brown v. Watson, 72 Tex. 216.] As to the question of partnership or no partnership under the agreement between Emberson and Ballew, Emberson was to get one-half of what Ballew made as the hire of his mules. "Participation in the profits, or the right to participate therein, is not an invariable test of partnership, even as to creditors. A person not actually engaged in the business as a principal, and not holding himself out as a partner, cannot be held for debts incurred in the business . . . unless in virtue of some contract, express or implied, on his part, in legal effect creating, as between him and the persons actually carrying on the business, the relation of principal and agent." [Wild v. Davenport (N. J.), 7 Atl. Rep. 295.] Merely sharing in profits, where third parties have not been legitimately led to believe in the existence of a partnership, does not create a partnership as to them, unless there is one in fact [Colwell v. Britten (Mich.), 26 N. W. Rep. 538; Beecher v. Bush (Mich.), 7 N. W. Rep. 785]; or unless a party by his acts has put himself in such position that he is estopped from denying that he is a partner. In Buzard v. Bank, 67 Tex. 84, it was held that "when one furnished money to another under an agreement that he who received it as agent for the owner is to use it in a designated business, and receive a part of the net profits as compensation for his services, he who thus receives the money is not thereby constituted a partner of him who advances it." [See, also, Railway Co. v. Johnson (Tex.), 7 S. W. Rep. 838. And see the question discussed in Brown v. Watson, 72 Tex. 216.]

In view of the authorities we have cited, and the evidence, we are of opinion that the charge of the court as given is in several particulars objectionable; and we are further of opinion that the court erred in refusing the first special instruction requested for appellant, which was as follows: "If you believe from the evidence that the contract between Ed Ballew and E. Emberson was that defendant E. Emberson delivered to Ballew certain young mules, to have said mules broken, and furnish the harness for said mules, and that Ballew was to work said mules and break them, and, in case said Ballew made any money on a contract of work in which said mules were worked, then said Ballew was to pay said Emberson one-half of what was made with said mules as for hire of said mules, then said Emberson and Ballew would not be partners, and you will find for defendant, unless you further believe that said Emberson, by statements made to the plaintiffs, or by some act done or performed by said Emberson, induced the plaintiffs to believe he was a partner, and that in consequence thereof the plaintiffs parted with their goods, believing him to be a partner; and in this connection you are further charged that Emberson was not bound to make inquiries as to whether his name was being used as a partner with Ballew; so that, if you believe from the evidence that Ballew was purchasing goods in the name of Emberson & Ballew, and holding out that the defendant Emberson was a partner, this would not make defendant Emberson liable as a partner unless defendant Emberson knew that said Ballew was so holding him out as a partner, and did not, as soon as he made the discovery, disavow and deny the partnership." This special charge was refused. For the errors pointed out the judgment is reversed and the cause remanded.

April 26, 1890.                    Reversed and remanded.