## J. M. MOORE v. W. J. WILLIAMS.

### Decided January 23, 1903.

**1.—Partnership—Proof of—Pleading and Evidence.**

Where in an action on a note signed by one defendant, seeking to charge all three defendants as partners, plaintiff was asked why he did not get the other two to sign the notes, and he would have answered that it was because the signer of the note told him that it was not necessary for the other defendants to sign, as they had agreed to pay the debt, such answer, in the absence of any allegation in the petition that the other two defendants had agreed to pay the debt, was not admissible.

**2.—Same—Admission of Partner.**

Where there was some evidence tending to prove a partnership, but the great preponderance of the evidence was to the contrary, the admission of one of the parties, made in the absence and without the knowledge or authority of the others, was not admissible to prove a partnership.

**3.—Same—Issue Not Raised by Pleadings.**

Where in an action on a note signed by one defendant, seeking to charge all three defendants as partners, the petition alleged that they were partners, or, if they were not, then the signer of the note was the agent of the other two, this did not raise the issue as to whether the other two had agreed to pay for the work for which the note had been given in consideration of ten per cent interest on a loan therefor and two-thirds of the profits realized from the construction.

**4.—Same—Partnership Not Shown—Loan.**

Where parties made a loan to a contractor erecting waterworks, to be paid for in bonds, and became the custodian of the bonds, the proceeds to be used to pay the debt, and the remainder of the bonds, if any, to be divided between them, this did not make such parties and the contractor partners in the contract for the erection of the waterworks.

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*James W. Brown* and *T. L. Camp,* for appellant.

*George H. Plowman,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was brought by J. W. Moore, appellant, against W. J. Williams, T. J. Oliver and R. C. Storrie, appellees, in which appellant sought to hold them liable on two certain negotiable promissory notes executed by W. J. Williams on July 16, 1892, each for the sum of $500, with 10 per cent per annum interest, and 10 per cent attorney's fees if placed in the hands of an attorney, the first of said notes maturing August 15, 1892, and the other maturing August 31, 1892, and executed on account of the Denton waterworks. It was charged that Williams, Oliver and Storrie were partners in the construction of said waterworks, and if this was not so that they were individually liable for said notes. The defendants answered by a general denial, and specially answered under oath denying the partnership, and set out in detail and at great length the facts relating to the exe-

cution of the contract for and the erection of the waterworks for the Denton Light and Power Company.

A trial with the aid of a jury resulted in a verdict and judgment in favor of Moore against W. J. Williams for $2135.23, and in favor of Oliver and Storrie, from which judgment plaintiff has prosecuted an appeal.

*Conclusions of Fact.*—On the 3d of February, 1892, W. J. Williams entered into a contract with the Denton Light and Power Company to construct and erect a system of waterworks for the said company at Denton, Texas, the same to be completed by July 1, 1892. Williams began work thereon, and thereafter, on February 13th, he entered into a contract with J. W. Moore whereby Moore was to perform certain portions of said work. Moore entered upon the performance of said work, and in July thereafter the same was completed and there was due and owing him for such work the sum of $1000 for which Williams executed to him the two negotiable promissory notes sued upon, each for the sum of $500, drawing 10 per cent interest after maturity, and providing for 10 per cent attorney's fees if placed in the hands of an attorney and collected by suit, the first maturing August 15th, and the second August 31, 1892.

After Williams had entered upon the performance of his contract with the Denton Light and Power Company in March, 1892, he applied to T. J. Oliver and R. S. Storrie for a loan. They, on March 19th, agreed to loan and did loan him $24,000, to be repaid with 10 per cent per annum interest on July 1, 1892, and to secure same Williams pledged to them the stock and bonds of the said company, which he was to receive for constructing the said system of waterworks. Williams completed the waterworks in July, 1892, and turned the same over to the company. Williams not being able to pay the money borrowed from Oliver and Storrie, it was, on August 23, 1892, agreed by Williams and Oliver and Storrie that in consideration of Oliver and Storrie carrying him on his indebtedness to them until July, 1893, that Williams would give them two thirds of the amount of stock and bonds left after Oliver and Storrie were paid from the sale of the bonds the amount of their loan. The stock and bonds were turned over to T. J. Oliver, who executed his receipt therefor. Oliver and Storrie did not assume or agree to pay the indebtedness due by Williams to Moore, or authorize or ratify the execution of the notes sued upon. Moore was acquainted with both Oliver and Storrie, and frequently met them, but never demanded payment of the notes from them until February, 1894, the month in which this suit was filed.

*Conclusions of Law.*—The first assignment of error complains of the action of the court in sustaining the exception of defendants to the following question propounded to the plaintiff while a witness in his own behalf: "Why did you not get Oliver and Storrie to sign the notes executed and delivered to you by Williams for work done in the construc-

tion of the waterworks?" The witness would have answered "that Williams told him (Moore) that Oliver was on his bond and Williams did not like to ask him to go on the notes; that in fact it was not necessary, as Oliver and Storrie had agreed to pay the debts of construction, and that the signature of Williams would bind them, as they were his partners in building the waterworks." To which question and answer Oliver and Storrie objected because the question asks for a conclusion and a reason; that there was no allegation to support such testimony; that the evidence would be hearsay; that a statement made in the absence of Oliver and Storrie could not be used against them, and was made without their knowledge or consent, and in their absence, and made after the completion of the waterworks, and was immaterial and irrelevant." There was no allegation in the petition of appellant that Oliver and Storrie had agreed to pay the debts of construction, and hence that part of the answer stating that they had made such agreement was inadmissible. Appellant contends, however, "that, inasmuch as there had been evidence introduced tending to show that Oliver and Storrie were partners in the construction of the waterworks, the admission of Williams that they were partners in the construction of the waterworks was competent evidence to go to the jury." There was some evidence tending to prove partnership between the parties, but the evidence greatly preponderated against partnership. The general rule is, that on the issue to prove partnership the admission of one partner is not admissible against another to prove him a partner. Parsons on Part., 4 ed., sec. 78; Buzard v. Jolly, 5 S. W. Rep., 422; Wallis v. Wood, 7 S. W. Rep., 852; Emberson v. McKenna, 16 S. W. Rep., 419; Newberger v. Heintze, 3 Texas Civ. App., 259. The appellant seems to admit this general rule, but contends that there is evidence tending to prove that Williams, Oliver and Storrie were partners, and for this reason the testimony was admissible. The sole purpose of the admission of Williams was to prove partnership. Neither Oliver nor Storrie was present when it was made. They had no knowledge that such admission was made. They did not authorize Williams to make it. The great preponderance of the testimony on the trial was to the effect that there was no partnership between the parties. The jury so found. The evidence of appellant tending to prove partnership aliunde the admission is not inconsistent with the appellees' contention that the transaction between them and Williams was a loan. We conclude that there was no error in excluding the testimony.

This holding is not in conflict with the holding of the Court of Civil Appeals for the Second District in Bush v. Kellogg, 34 S. W. Rep., 1056. In that case the preponderance of evidence sustained the issue of partnership, and further, there was evidence that the admission was made with the knowledge and consent of the party sought to be charged as a partner. In the case of Carraway v. Bank, 29 S. W. Rep., 308, the objection was not made to the testimony offered that partnership could not be

proved by the admission of one partner not made in the presence of the party sought to be charged, and the opinion expressly restricts the ruling to the objection as made. In that case there was evidence indicating that the declaration was made with the knowledge of the party sought to be charged.

Appellant groups his third and fourth assignments of error, and contends thereunder that an incoming partner for a valuable consideration may agree to pay the debts of the concern into which he enters as a partner, and it is wholly immaterial at what time Oliver and Storrie became partners of Williams. That the issue in the case was whether Oliver and Storrie had agreed to pay the cost of construction in consideration of money advanced by them to Williams to build the waterworks, on which they were to get 10 per cent interest and two-thirds of the profits realized from their construction. No such issue was raised by the pleadings. The appellant's pleadings charged substantially that Williams, Oliver and Storrie were partners in the construction of the waterworks, and if it should be determined that they were not partners, then appellant charged in his supplemental petition "that the waterworks were actually constructed by Oliver and Storrie under the name of Williams, who was their agent in the construction of said works." There was no pleading that Oliver and Storrie, in consideration of the money advanced by them to Williams to build the waterworks, and two-thirds of the profits realized for the construction of said works, agreed to pay the costs of construction. Nor was there any evidence of such an agreement. The receipt executed by Oliver for the bonds on August 23, 1892, made him the custodian of the same, and when sold, the proceeds to be applied to the payment of the outstanding notes for cash and material used in the construction of said waterworks at Denton. There was evidence that the indebtedness to be paid was the amount of the loan made by Storrie and Oliver to Williams, and after the payment, the remainder of the bonds, if any, were to be divided between Williams, Oliver and Storrie. This did not make them partners in the contract to erect the waterworks. Brown v. Watson, 72 Texas, 217; Buzard v. Bank, 67 Texas, 83. The charge of the court fairly submitted the issue raised by the pleadings, and the same is not subject to the criticism set out in the third and fourth assignments.

The fifth and sixth assignments complain of the action of the court in refusing certain special charges requested by plaintiff. The charge of the court embraced the charges requested in so far as said charges are applicable to the case as made, and hence there was no error in refusing the same.

We have considered the remaining assignments presented in appellant's brief, and are of the opinion that no reversible error is pointed out therein, and the same are overruled.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.