**KAISER GYPSUM COMPANY, Inc.,**
**Appellant,**

v.

**H. B. JORDAN, Appellee.**

**No. 4436.**

Court of Civil Appeals of Texas.

Waco.

Jan. 27, 1966.

Rehearing Denied Feb. 17, 1966.

Fulbright, Crooker, Freeman, Bates & Jaworski, Richard L. McGraw, Austin C. Wilson, Jay W. Elston, Houston, for appellant.

Butler, Binion, Rice, Cook & Knapp, R. H. Singleton, Houston, for appellee.

WILSON, Justice.

Plaintiff's petition, alleged he furnished information to defendant concerning gypsum deposits; that defendant · expressly agreed to pay him a specified royalty in return for the information and his skill and labor in developing further data, for which judgment was prayed; that pursuant to this agreement plaintiff and defendant entered upon a joint venture to investigate the deposits and obtain a lease of lands on which they were located. Alternatively, it was averred that plaintiff furnished information and services, which defendant accepted, used and acted upon, under a relationship of trust and confidence; and that he was entitled to have a trust impressed on the lease which defendant obtained, or that he was entitled to the reasonable value of the royalty interest or the reasonable value of his services.

Defendant pleaded the action as to the alleged oral contract was barred by the provisions of the Real Estate Licensing Act, Art. 6573a, Vernon's Ann.Civ.St., because the agreement alleged was not in writing, as those statutes require.

Upon a jury verdict a money judgment was rendered for plaintiff. We reverse.

The principal attack on the judgment is that as a matter of law, and under jury findings, plaintiff was seeking compensation for the acts of a real estate dealer under Art. 6573a, whereas he had neither a requisite license as such, nor a signed writing evidencing his right to compensation, required by the Act. The jury findings referred to were to the effect (15) that information furnished and work done by plaintiff were solely for the purpose of negotiating a lease to defendant "with the intention or expectation of receiving compensation"; and (16) that plaintiff engaged on a full or part-time basis in the occupation of "offering or attempting to negotiate leases for others with the intention or expectation of receiving compensation."

Plaintiff's response is that the Real Estate Licensing Act is not applicable because he was acting with defendant in a joint venture relationship.

The jury findings were to the effect that (1) plaintiff and defendant "agreed with respect to investigation of the gypsum deposits"; (2) that they agreed efforts would be made by plaintiff to obtain a lease, and (3) agreed that if a lease was obtained both would benefit therefrom; (4) that plaintiff worked on behalf of both plaintiff and defendant to obtain the lease which was acquired; (5) that a relationship of "trust and confidence" (defined) existed between plaintiff and defendant with respect to obtaining the information and the lease; (6) that pursuant to that relationship plaintiff worked in behalf of both plaintiff and defendant in obtaining the lease; (7) defendant did not agree plaintiff would have an overriding 2½¢ royalty; (8) that plaintiff furnished information and work in connection with acquisition of a lease by defendant (9) which was used by defendant in obtaining the lease, (10) knowing plaintiff expected to be compensated therefor. (11) The reasonable value of "information and work" furnished by plaintiff was $35,000. (12) Defendant "fraudulently induced" plaintiff to furnish the information and work, but (13) did not act wilfully or maliciously, and (14) plaintiff was not entitled to exemplary damages. Issues 15 and 16 and the jury's response have been summarized above.

Sec. 19 of Art. 6573a, makes a license prerequisite, and Sec. 28 requires a signed written agreement in order that plaintiff may maintain an action to recover compensation or commission for performing services as a real estate broker. The statutory definition of "Real Estate Broker" includes one who "[n]egotiates, or offers or attempts or agrees to negotiate" the leasing of real estate with the intention or expectation, or upon the promise of receiving compensation. Id., Sec. 4(1) (c). The statute prohibits engaging in these acts without a license. By Sec. 6(1), one who does not engage in the occupation "on a full or part-time basis" is exempt.

By its answers to issues 15 and 16 the jury found facts which bring plaintiff's acts within the prohibition of Art. 6573a. These findings are that plaintiff furnished his information and work for the purpose of negotiating a lease to defendant with the intention or expectation of receiving compensation, and that he engaged in the occupation of attempting to negotiate leases for others on a full or part-time basis with the same intention and expectation. These are the factors and elements which constitute one a real estate broker under Secs. 3–6 of the Act, and make its requirements and prohibitions applicable to him.

Appellee seeks to avoid the effect of the jury findings by urging that because issue 15 inquired whether plaintiff's purpose was to negotiate a lease "*to*" appellant, rather than "for" it, the finding is insufficient to bring him within the statute. The argument is that Sec. 4(1) defines a "real estate broker" as one who performs services "*for*" another, and that the issue and finding merely resolved a controversy as to who would be named lessee in the lease, but did not settle facts constituting appellee a "real estate broker."

■ We do not agree with this contention. Except for the variation in the preposition the issue submitted the statutory elements substantially in the words of the Act. See Modica v. Howard, Tex.Civ.App., 161 S.W.2d 1093. While it is true the issue also identified the contemplated lessee, its function was to identify in the inquiry the lease which was negotiated. The finding in answer to issue 15 when coupled with that in response to issue 16, which determined that plaintiff engaged in offering or attempting to negotiate leases "for others" with the intention or expectation of receiving compensation, clearly brought him under the statutory prohibition.

■ It is necessary, then, to determine whether the record establishes plaintiff and defendant were engaged as joint venturers so as to make the statute inapplicable, as plaintiff contends. Otherwise it bars the action. It is held the quoted prohibitions of Art. 6573a do not apply to such transactions. Gill v. Smith, Tex.Civ.App., 233 S.W.2d 223, writ ref., n. r. e.; Coats v. Windham, Tex.Civ.App., 254 S.W.2d 530, writ ref. n. r. e. See Brown v. Cole, 155 Tex. 624, 291 S.W.2d 704, Syl. 6, 59 A.L.R. 2d 1011, applying the Texas Securities Act, Art. 600a.

Plaintiff urges that the jury findings that the parties "agreed with respect to investigation" of the gypsum deposits, agreed that "efforts would be made" by the parties to obtain a lease, agreed that both "would benefit" if a lease was obtained, that plaintiff "worked in behalf of" both parties to obtain a lease, and that he furnished information and worked "in behalf of" both, established that plaintiff and defendant were joint venturers.

■ Among the requisites of a joint venture are (a) the right to participate in the profits, (b) the obligation to share losses, (c) joint control of the enterprise. Brown v. Cole, 155 Tex. 624, 291 S.W.2d 704, 709, 59 A.L.R.2d 1011; Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S.W.2d 716, 722; Mum-

mert v. Stekoll Drilling Company, Tex. Civ.App., 352 S.W.2d 526, 529, writ ref. n. r. e. The jury expressly found against plaintiff's allegation of an agreement that he was to receive a specified royalty. The findings do not establish the enumerated requisites.

■ Where the interest of one of the parties in the profits consists only in the fact that they are a fund which is a source of "compensation for the services of the person engaged in the business, and not as property to which he has a right, by reason of his being a part owner of the principal," the essential right to share in profits does not exist. Friedlander v. Hillcoat, Tex.Sup., 14 S.W. 786, 788; Emberson v. McKenna, Tex.Civ.App., 16 S.W. 419; 33 Tex.Jur.2d, Joint Adventures, Sec. 2, p. 287. In Omohundro v. Matthews, 161 Tex. 367, 341 S.W.2d 401, cited by appellee, there was an express agreement to divide the profits and share all benefits equally.

Of course, the receipt of compensation for services and information in obtaining the lease would be a "benefit" to plaintiff as found in answer to Issue Number 3. This fact does not tend to constitute the parties joint venturers.

■ We are unable to determine whether there was actually an attempt to submit the joint venture theory by the issues relied on by appellee. By the pleading these are tied to an allegation that pursuant to an agreement that plaintiff would receive an overriding royalty, the parties entered upon a joint venture. These issues and findings cannot be correlated with a quantum meruit or a fiduciary relationship basis of recovery to support a joint venture theory. In our opinion the case was tried on an incorrect theory, and under the issues answered favorably to appellee, has not been fully developed. Other points are overruled. The judgment is reversed and the case is remanded.