### DAVIS et al. v. CONN.

(Court of Civil Appeals of Texas. Texarkana. Nov. 25, 1913. Rehearing Denied Dec. 4, 1913.)

1. LOGS AND LOGGING (§ 3*) — SALES OF STANDING TIMBER—DISTINCTION BETWEEN REALTY AND PERSONALTY.

Where it is contemplated by a conveyance of growing trees that the purchaser shall have some beneficial use of the land in connection with the trees, which shall remain on the land and receive their sustenance therefrom, the sale is of an interest in land, and carries the right to the use of the land for the sustenance of the trees and of entering thereon to enjoy the interest conveyed.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12; Dec. Dig. § 3.*]

2. LOGS AND LOGGING (§ 3*) — SALES OF STANDING TIMBER—DISTINCTION BETWEEN REALTY AND PERSONALTY.

Where, in conveying growing trees, a severance and taking away from the land is contemplated, the sale is of an interest in chattels only, and the right of removal must be exercised within the time agreed.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12; Dec. Dig. § 3.*]

3. LOGS AND LOGGING (§ 3*) — SALES OF STANDING TIMBER—DISTINCTION BETWEEN REALTY AND PERSONALTY.

A sale of growing trees with the privilege of removing them within five years, or after that time if an annual rental shall be paid, operates as a sale of chattels rather than of an interest in realty.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12; Dec. Dig. § 3.*]

4. CONTRACTS (§ 10*)—LOGS AND LOGGING (§ 3*)—MUTUALITY—SALES OF STANDING TIMBER—CONSTRUCTION.

A stipulation, in a conveyance of all trees of 12 inches or greater diameter growing on certain land, that the agreed time for removing them may be extended as long as the buyer "may want" upon payment of certain rental, is not unilateral and void, but is to be construed as meaning that the time may be extended for as long as needed.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–40; Dec. Dig. § 10;* Logs and Logging, Cent. Dig. §§ 6–12; Dec. Dig. § 3.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**5. LOGS AND LOGGING (§ 3*) — SALES OF STANDING TIMBER—CONSTRUCTION OF CONTRACT.**

Under a conveyance of growing trees with the right of removing them within five years, or thereafter if an annual rental should be paid, the buyer had the right to turpentine the trees while standing, where he proceeded, with diligence, to remove them in accordance with the contract, and no damage was done the soil beyond that necessarily incident to turpentining the trees.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12; Dec. Dig. § 3.*]

**6. LOGS AND LOGGING (§ 3*)—SALE OF TIMBER—TURPENTINING—INJURY—PERSONS LIABLE.**

Where the buyer of all trees of 12 inches or greater diameter growing on certain land sold the right of turpentining such trees, he was not liable in damages because those turpentining the trees destroyed trees under 12 inches diameter, since that was a trespass with which he had nothing to do.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12; Dec. Dig. § 3.*]

Appeal from District Court, Jasper County; W. B. Powell, Judge.

Action by J. R. Davis and another against R. C. Conn. From a judgment for defendant, plaintiffs appeal. Affirmed.

By their petition the appellants claim to be the owners of three several tracts of land, and allege that appellee in February, 1911, wrongfully and without right entered upon the land and turpentined the pine trees, and in so doing injured the soil and the grasses and a number of the trees, and then later did remove from the land a large quantity of the pine timber growing thereon. Appellee answered by denial and not guilty, and specially that by conveyance in writing he purchased all pine timber 12 inches in diameter and upwards from appellants, and that the extensions of time authorized by the conveyance had been complied with according to the terms. By a cross-bill of appellee Rosemond & Day, as partners, were made parties defendant, and judgment asked by appellee over and against such partnership in the event any judgment should be rendered against appellee for their alleged trespass. A trial was had to the court without a jury, and there was a judgment for appellee and against appellants.

The evidence shows that appellants were the owners of the lands described in the petition, and that on January 9, 1906, by deed they sold and conveyed the pine timber on the land above 12 inches in diameter. The cash consideration recited in the deed was actually paid, and at the time the note mentioned in the deed was due it was fully paid. On August 26, 1907, appellee Conn leased in writing to Rosemond & Day the timber conveyed by the deed of appellants to him, for turpentine and resin purposes; Rosemond & Day agreeing to pay appellee therefor the sum of $8,000. Rosemond & Day both began and ceased their operations on the timber for turpentine during and be-

fore the expiration of five years from the date of Conn's deed from appellants. Turpentine of considerable value was taken from the trees. In turpentining the trees exclusive use of the land was not made, and there was only such use of the land as was incident and necessary to the removing of turpentine from the land, and no injury was done to the soil. Just before the expiration of five years from January 9, 1906, appellee Conn tendered to appellants the amount of the yearly rental provided for in the deed, which was refused by appellants, and during the sixth year from January 9, 1906, began to remove trees from the lands. At the end of the sixth year appellee had not finished the removal of the trees and tendered appellants, the yearly rental provided in the deed, which was refused by appellants, and continued to remove trees from the land. At the time of the trial about two-thirds or three-fourths of the trees had been removed from the land by appellee or his vendees, Simmons Bros., and the only trees removed were of the specification and kind described in the deed. The deed made and delivered by appellants to appellee, after omitting formal parts and description, reads as follows: "For and in consideration of the sum of $6,700.00 to us in hand paid and secured to be paid by R. C. Conn, as follows: $3,700.00 cash and one promissory note for $3,000.00 due in two years from the 10th day of January, A. D. 1906, with 8 per cent. interest, have granted, sold and conveyed, and by these presents do sell, grant and convey unto the said R. C. Conn, of the county of Jasper and state of Texas, all pine timber from 12 inches and up, now standing, lying or growing on three certain tracts or parcels of land now lying and being situated in Jasper county, Texas, and about 15 miles south of Jasper, and described as follows: (We here omit the description.) To have and to hold the above-described timber with all and singular the rights and privileges to enter upon said land with teams, tools and men to cut and remove said timber off of said land, with this exception, that the said R. C. Conn or his successors is not to enter into my present inclosures, and we hereby give R. C. Conn five years to cut and remove the said timber off the said land, beginning the 19th day of January, A. D. 1906, and end the 19th day of January, A. D. 1911, and should the said R. C. Conn fail to cut the timber in the period of time or five years, we do hereby agree to extend the time for as long as the said R. C. Conn may want, provided the said R. C. Conn and his successors shall pay unto us two hundred and thirty-six dollars ($236.00) per annum each year that he may hold the timber and the said land, but it is understood and agreed that when all the said timber is cut and removed off of said land from 12 in.

dia. measuring 18 ins. from the ground and upward, this deed shall become null and void. We do hereby reserve all timber under 12 ins. at the time it is cut off of said land. To have and to hold the above-described timber and right of way through said land thereunto in any wise belonging unto the said R. C. Conn, his heirs and assigns, and we do hereby bind ourselves, our executors and administrators to warrant and forever defend all and singular the said premises unto the said R. C. Conn, his heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof. But it is expressly agreed and stipulated that the vendor's lien is retained against the above-described property until the above-described note and all interest thereon are fully paid according to its face and tenor effect in reading when this deed shall become absolute. Witness our hands, * * * Texas, this 9th day of January, A. D. 1906." (Here signed, acknowledged, and also recorded.)

The court made findings of fact, and, as here material, these were: (1) That appellee had in fact nothing to do with the turpentining of the trees, but merely sold Rosemond & Day his right thereto by reason of the sale and conveyance from appellants; (2) that no material injury was done to the land or the grass by turpentining the timber thereon; and (3) that appellee, through his vendees, had cut and removed from the land during the sixth and seventh years after the date of the deed from appellants about two-thirds of the pine timber growing on the land, after tendering each year the rental value provided in the deed, which each time was refused by appellants. The rental value of the sixth and seventh years were tendered in court. On the facts of the case the court concluded appellee had purchased the absolute right of the trees and could convey the right to turpentine the trees, and was not liable for the value of the timber removed, and, there being no damage done to the soil, judgment should be for the appellee.

Holland & Holland, of Orange, and Roi Blake, of Jasper, for appellants. Smith & Blackshear, of Jasper, and J. B. Warren, of Houston, for appellee.

LEVY, J. (after stating the facts as above.) [1, 2] The principal questions made on the appeal are founded on the several assignments of error, which may here be disposed of together, that challenge the conclusions of law made by the court that appellee was not owing appellants in damages for the value: (1) Of the trees cut and removed from the land; or (2) for the turpentine taken from the trees; or (3) for the rental value of the land during the time the trees were being turpentined. The questions made are predicated, of course, upon the established facts as found and considered by the trial court. In order to determine the rights of the parties in respect to the questions, it is required that the timber deed from appellants to appellee be construed and given legal effect. There are quite a number of generally reported cases dealing with the sale of growing trees upon the principal question of whether such sale operated to pass an interest in land or to be a sale of chattels only. By one line of the cases the question is answered that according to the facts therein the sale of growing trees operates to be a sale of an interest in land. By the other line of cases a sale of growing trees is held under the facts therein to be a sale of chattels only. And the reasons and principles determining the ruling in such cases upon the effect that should be ascribed to the sale could well be considered as furnishing a criterion to determine the effect to be given the sale in this case. A number of the cases rather turn on the point that in them the agreement of the parties was not made with a view to the removal and severance of the trees from the soil, but their remaining thereon; and standing trees being legally regarded as part and parcel of the land in which they are rooted and from which they draw their support, therefore, in that sense, the sale passed an interest to real estate. And the reason for the holding in a number of cases that a sale of growing trees is a sale of chattels only is that in the contemplation and agreement of the parties in such particular cases the sale was made in prospect of the severance and removal of the trees from the land, and not to remain on the land, and therefore the sale was intended and operated to be a sale as chattels only. It is quite unnecessary to cite these numerous cases. And if the distinction made in the cases is to be observed as a property rule, the two doctrines are announced that in a sale of trees growing upon land where in the particular case (1) it is contemplated by the conveyance that the vendee is to have some beneficial use of the land in connection with the trees and that the trees shall remain thereon so as to receive profit and growth from the growing surface of the land, the sale operates as a sale of an interest in land; and (2) where it is contemplated and intended by the conveyance that there shall be a severance and taking away of the growing trees from the land, such sale must be regarded and operates to be a sale as of chattels only. It is quite well settled by the cases that growing trees may by the agreement of the parties be severed, in contemplation of law, from the land, and be dealt with in the contract as personalty removable immediately or timely without an actual severance at the time. In this state the two rules above stated have been announced and followed. The first rule is applied in the case of Lodwick Lbr. Co. v. Taylor, 100 Tex. 270, 98 S. W. 238, 123 Am. St. Rep. 803. The second rule is applied in the cases of Beauchamp v. Williams, 115 S. W.

130; Development Co. v. Lumber Co., 139 S. W. 1015; Carter v. Clark & Boyce Lbr. Co., 149 S. W. 278; Lumber Co. v. McWhorter, 156 S. W. 1153; Lancaster v. Roth, 155 S. W. 597. From the Taylor Case, supra, firstly referred to, flows the rule that, an interest in the nature of realty being conveyed, there goes with the title to the timber the right to the use of the soil for its sustenance and of entry upon the land for its enjoyment. And from the cases immediately above, secondly mentioned, flows the rule that the trees being conveyed in the nature of personalty in prospect of severance and removal within a reasonable time or agreed time, the extent and duration of the grant is limited to and the right determined at the end of the agreed time.

[3] Bearing in mind the principle and rules stated, the deed in this case is to be referred to in order to see the rights it conveys and effect of the rights. It appears therefrom that appellants purported to and did convey to appellee, for the consideration therein stated, "all pine timber from 12 inches and up now standing or growing" on the land described. And appellee was "to have and to hold the above-described timber, with all and singular the rights and privileges to enter upon the said lands with teams, tools and men to cut and remove said timber off of said land, with this exception, that the said R. C. Conn or his successors is not to enter into my present inclosures, and we hereby give R. C. Conn five years to cut and remove the said timber off the said land, beginning the 19th day of January, A. D. 1906, and end the 19th day of January, A. D. 1911, and should the said R. C. Conn fail to cut the timber in the period of time or five years, we do hereby agree to extend the time for as long as the said R. C. Conn may want, provided the said R. C. Conn and his successors shall pay unto us two hundred and thirty-six dollars ($236.00) per annum each year that he may hold the timber and the said land." According to the language of the parties, as seen, there is stipulated and agreed that a severance and removal of the growing trees shall be, first, within five years from the date of the deed; and failing to sever and remove the trees within that time, then within an extended period thereafter, upon payment of a rental for their occupying the land during such extended period. Thus there is made to plainly appear a sale made by the parties with the view and intention to the severance and removal of the trees from the land within a stipulated time. And so there is present in the sale all elements within the principle governing the effect given such conveyances of growing trees as a sale of chattels only. Concluding, as we do, that the result of the deed, construed as a whole, evidences the intention and agreement to pass the trees as chattels only, "with all and singular the rights and privileges to enter upon said land with teams, tools and men to cut and remove said timber off of said land," then the rule in such cases would be applicable that the extent and duration of the grant is limited to and the right determined at the end of the agreed time.

[4] Recurring to the stipulation in the deed, in order to determine the time limit for severance and removal of the trees from the land, it appears that after five years from the date of the deed, which time in this case had actually expired, appellee, upon paying a stipulated sum, should have extension of as much time more in which to sever and remove the trees as he "may want." Appellants contend that this latter stipulation is unilateral and void. We think, however, that the word "want" should be construed in the sense and meaning of "need," and that the language of the entire stipulation was intended by the parties to express the agreement that appellee should on paying the rental have the time needed to sever and remove the trees from the land. This construction makes consistent and harmonizes the further provision of the deed, "But it is understood and agreed that when all the said timber is cut and removed off of said land from 12 in. dia. measuring 18 ins. from the ground and upward, this deed shall become null and void."

[5] Now it is conclusive, as found by the court, that appellee tendered the rental within the time of six and seven years from the date of the deed, and was proceeding in diligence during that time to cut and remove the trees. And it is not questioned by appellants that the time was not proper and such as was reasonably required to remove the trees if the stipulation was not void. It follows therefore that appellee was not cutting and removing the trees in violation of his contract. And consequently appellee, under his conveyance and under the facts, had the right to the enjoyment of his property to the extent of turpentining the trees and using such products and cutting and removing the timber, and the trial court correctly so held. And in view of the finding of fact by the trial court that no damage was done to the soil, or use made of the soil beyond what was necessary and usually incident to turpentining trees, the ruling of the court denying appellants any damages or rental value therefor was correct. This ruling overrules and disposes of all the assignments except the fourth.

[6] The fourth assignment challenges the conclusion of fact made by the court that appellee had nothing to do with the turpentining of the trees on the land, but merely sold Rosemond & Day his right thereto by reason of the conveyance and sale he had from appellants. The finding is supported by the evidence, and the assignment is overruled. The contract of appellee with Rosemond & Day by its terms leased to them for turpentine and resin purposes only all the standing and growing pine timber which measured 12

inches in diameter 18 inches from the ground, as passed by appellants to appellee; and appellee had nothing to do with the turpentining of the trees. It is true Rosemond & Day in violation of the contract destroyed in turpentining 192 trees under the dimensions, but it was a trespass, in the facts, for which Rosemond & Day were liable. And appellants did not sue Rosemond & Day.

The judgment is affirmed.