COATS et al. v. WINDHAM et al.

No. 4868.

Court of Civil Appeals of Texas.
Beaumont.

Jan. 19, 1953.

Rehearing Denied Feb. 4, 1953.

Stewart, Burgess & Morris, Houston, V. A. Collins, Livingston, for appellants.

W. C. McClain, Conroe, for appellees.

R. L. MURRAY, Justice.

Appellants, S. T. Coats and N. A. Coats, plaintiffs below, brought suit against appellees, Wyman Windham, E. T. Murphy, James M. Windham, and Wyman Windham, Jr., defendants below, to recover two-thirds of the net profit realized by appellees on the purchase and sale of a tract of standing timber in Harris County.

Appellants' names did not appear in the deeds in which the timber was bought and sold. Appellants alleged that they actually owned a two-thirds interest in the timber, and profits, and that their names were omitted from the deeds in order that they could act as estimators of the standing timber so their estimates could be used by appellees and prospective purchasers in securing loans on the timber.

Appellees duly filed a plea in abatement alleging that the above described dealings constituted a real estate transaction within the meaning of the Real Estate Dealers License Act, Vernon's Ann. Civ.St. Article 6573a, and that appellants were "Real estate dealers" within the meaning of the Act and were holding themselves out as such. Appellees further alleged, and it is admitted by appellants, that appellants did not have a real estate dealers' license as required by Article 6573a, nor a securities license as required by Vernon's Ann.Civ.St. Article 600a, and were barred from recovering on the alleged contract as a matter of law.

After a hearing, the trial court entered an order sustaining appellees' plea in abatement, and appellants have prosecuted this appeal from said ruling.

Plaintiffs' suit is one for an accounting and a division of profits realized as co-owner from the purchase and resale of standing timber located in Harris County, Texas, alleging these circumstances:

In early June, of 1951, plaintiff S. T. Coats learned that E. N. Sonnier owned or had an interest in a relatively large tract of standing timber situated in Harris County which was for sale. He met Sonnier's agent who agreed with him that he should have ten days in which to inspect and estimate the timber, the asking price for which was $225,000.

While in the course of making his estimate, Coats was approached by defendant Wyman Windham who proposed that he be taken in the deal to make the purchase, and that he could and would arrange the financing thereof. After some negotiations, plaintiffs and defendant Wyman Windham made an agreement in writing by the terms of which plaintiffs were to make and furnish a complete report of the timber estimates, defendant Wyman Windham was to assist in financing the trade to whatever extent necessary in effecting transfer of title to the timber and completing the deal to a successful conclusion, each plaintiff and defendant Windham was to receive one-third of the profits realized from the purchase and resale of such timber, and the parties were to mutually cooperate to the best interest of each other to effectuate a purchase and resale of said timber.

After plaintiff S. T. Coats completed his estimate of standing timber on the land, he, in company with the agent of E. N. Sonnier, went to the office of the said Sonnier where it was agreed between the parties that a trade had been made, and that although a timber deed could not be delivered to Coats for some three weeks, that, nevertheless, Coats had purchased the timber for $225,000, including a $15,000 commission to Sonnier's said agent, the consideration to be paid upon delivery of deed.

Thereafter, defendant Windham associated defendant Murphy with him to assist him in financing the deal.

To facilitate matters, and at the suggestion of defendant Wyman Windham, it was agreed by plaintiff S. T. Coats and defendants that title to the timber, which Sonnier had agreed that plaintiff S. T. Coats

had purchased should be taken in the name of E. T. Murphy and Wyman Windham and that plaintiffs should not be named as grantees in the timber deed so that the estimates of standing timber could be used in securing loans.

Thereafter, on or about the 7th day of November, 1951, defendants secured a timber conveyance from E. N. Sonnier conveying to them all standing timber on the tract of land therein described of designated sizes which instrument did not name plaintiffs or either of them as a grantee.

Thereafter, and on or about the 14th day of November, 1951, defendants conveyed the standing timber purchased from E. N. Sonnier to Southern Pine Lumber Company for the sum of $325,000, and that plaintiffs are entitled to be paid and to receive two-thirds of the profit realized from such sale. That defendants, or one or more of them, received and holds all the money realized from such sale, the profits realized from which amounting to an excess of $85,000. That plaintiffs have made repeated demands upon defendants for an accounting and for their share of the profits, but defendants fraudulently refuse to account to plaintiffs for the money received by them, and for plaintiffs' share of the profits, but by means of false and fraudulent devices, misstatements, lies and deceit, defendants seek to repudiate the written agreement made by and between plaintiffs and defendant Wyman Windham in August, 1951.

Defendants filed a plea in abatement to plaintiffs' petition and cause of action, urging the dismissal of plaintiffs' suit, contending:

1. That plaintiffs were not entitled to institute and prosecute their suit because they did not allege compliance with Article 6573a of Vernon's Annotated Civil Statutes of Texas pertaining to the licensing of real estate dealers, and

2. They failed to allege that they had complied with the provisions of Article 600a, Vernon's Annotated Civil Statutes of Texas, pertaining to the licensing of dealers in securities.

Plaintiffs' reply to defendants' plea in abatement was that under their pleadings there was no requirement that they allege compliance with either Article 600a or Article 6573a of Vernon's Annotated Civil Statutes of Texas, because:

(A) The conveyances from E. N. Sonnier to defendants and from defendants to Southern Pine Lumber Company were related to personal property and did not convey any interest in real estate,

(B) That the nature of the relationship between the parties was that of joint adventurers created by the contract and agreement between them, the purpose of the joint adventure being to buy and sell timber for the purposes of realizing a profit and dividing the profits in accordance with the terms of the written agreement between them, and,

(C) The suit is for an accounting of the profits realized from a joint adventure between plaintiffs and defendants and to compel an accounting therefor, and for damages for loss of plaintiffs' profits realized from the performance of such joint adventure.

After the hearing on the plea in abatement evidence was introduced substantially proving the matters alleged by the appellants in their petition, a summary of which is given above. In addition thereto there was evidence that on September 20, 1951, an agreement was made between Wyman Windham, E. T. Murphy, S. T. Coats and N. A. Coats to sell the timber to four gentlemen of Woodville, Texas. The appellants introduced in evidence also, as a part of the bill of exception after the court had sustained opposition to the introduction thereof, a written statement written to the appellant S. T. Coats by Wyman Windham, dated November 15, 1951, which statement was that the cost of the timber to appellees was $317,857.50 and that the sale price to Southern Pine Lumber Company (Arthur Temple) was $325,000 and that the total profit was $7,142.50 of which S. T. Coats was entitled to one-half, according to the statement. From the deposition of appellee Wyman Windham which

was offered by the appellants and was not received in evidence by the Court on objection of the appellees, it was shown that the cost of the timber to the appellees was $232,000 instead of $317,857.50 as was set out in the statement to Coats referred to above.

The appellees upon the hearing made proof that the appellant S. T. Coats and his son, N. A. Coats, also an appellant, did business as a partnership under the firm name of S. T. Coats & Son and maintained an office in Livingston, Texas and operated as timber estimators in Texas, Oklahoma and Louisiana. · They maintain a fairly large organization with crews of men organized and trained to make a count of trees and measurement of the size of standing trees on large tracts of land and by counting and measuring certain strips and sections of the timber on a large tract, they are able to give their estimate of the number of trees and the size thereof on a whole tract. On other occasions than the one in controversy here the Coats firm had rendered services in making timber estimates and had been paid a portion of the profits made in the purchase and sale thereof. The appellant S. T. Coats in the past had bought and sold a number of lots in a subdivision in Polk County which he had bought to resell at a profit and had also considered making a subdivision out of another tract he owned but had not done so.

The contract between S. T. Coats, N. A. Coats and Windham was as follows:

"Office Phone 151        P. O. Box 868

S. T. Coats & Son

S. T. Coats
N. A. Coats

Surveyors And Timber Estimators
Licensed Land Surveyor In Office
Livingston, Texas
August 22nd, 1951

"Mr. Wyman Windon
    N. A. Coats

"City.

"Gentlemen:

"This is to confirm our verbal agreement of this date, that in the purchase and sale of the East Texas Oil Company timber in the Victor Blanco Survey, Harris County, Texas, now owned by Sonnier Construction Co. or by Mr. Sonnier personally, we shall each have one third interest in any net profits accruing from such purchase and sale, and we agree to mutually co-operate in the best interest of such purchase and sale of said timber.

"S. T. Coats and N. A. Coats agree to furnish a complete report of the timber estimate and Wyman Windom agrees to assist in financing the deal to whatever extent it may become necesssary in effecting transfer of title and completing the deal to a successful conclusion.

"Signed  /s/  S. T. Coats
              ─────────────
                 S. T. Coats
        /s/  N. A. Coats
              ─────────────
                 N. A. Coats
   /s/  Wyman Windham
        ─────────────
          Wyman Windom."

Both parties, appellants and appellees, have devoted a large portion of their briefs and argument to the consideration of the question· of whether the transaction by which Wyman Windham and the other appellees bought from Sonnier and sold to Southern Pine Lumber Company standing timber on a tract of 8,840 acres in Harris County conveyed an interest in real property. Appellants ably argue that under an abundance of authorities in Texas and in other states such a conveyance of standing timber of a certain size, which is to be removed from the land by a specified date, was not a conveyance of an interest in land but a sale of chattels, since the purchasers thereunder received title only to such timber as was cut and removed from the land. They rely for the proposition on the cases of Carter v. Clark & Boice Lumber Co., Tex.Civ.App., 149 S.W. 278; Davis v. Conn, Tex.Civ.App., 161 S.W. 39; West Lumber Co. ·v. C. R. Cummings Export Co., Tex.Civ.App., 196 S.W. 546; Id., Tex.Com.App., 228 S.W. 911, and Houston Oil Co. of Texas v. Boykin, 109 Tex. 276, 206 S.W. 815. This argument was presented under appellants' Points 1 and 2.

We do not believe that it is necessary to consider the application of these principles of law to the present controversy, because we believe it is immaterial to this controversy whether such deed conveyed an interest in land or not, because, as we view the facts and the nature of the suit brought by the appellants, as shown by the allegations of their petition, the appellants were not acting as real estate brokers or dealers or salesmen in this matter and thus were not required to comply with Article 6573a, Vernon's Annotated Civil Statutes of Texas, known as the Real Estate Dealers Act.

We sustain appellants' Third Point, which raises this question. By the terms of the agreement between N. A. Coats and Wyman Windham and the conduct of the parties thereafter they entered into a joint adventure for the purchase and sale of the timber in question for the joint prosecution of that particular transaction for the mutual benefit and profit of all three parties named in the agreement. On the authority of Gill v. Smith, Tex.Civ.App., 233 S.W.2d 223, 227, we hold that under the pleadings of the appellants and the facts as shown upon the hearing below, the parties entered into the present agreement as a joint adventure by which appellants Coats provided their labor and work and skill in preparing the timber estimate and Windham provided the financing, that is, the raising of the necessary cash payment and making the notes and concluding the sale for a profit. As was said by the Court in Gill v. Smith, supra, "The purpose of the Real Estate Dealers Act in regulating the real estate business was to eliminate or reduce fraud in the interest of the public. The Act does not touch, for instance, the case of where two individuals, acting as principals, purchase real estate to sell and divide the profits, even though one of the parties only contributes his services to the joint enterprise. The case of Nichols v. Anderson, Tex.Civ.App., 164 S.W.2d 268, dealt with facts which occurred after Article 6573a became effective. In remanding the case for a new trial, the Court, 164 S.W.2d at page 271, said '* * * the weight of authority is to the effect that a contract for joint adventure in the purchase and sale of real estate and division of the profits is not within a statute making unenforcible every agreement or contract for the sale of real estate which is not in writing, so as to defeat a suit for accounting of profits. Hoge v. George, 27 Wyo. 423, 200 P. 96, 18 A.L.R. 469; * * *' etc. (citing numerous authorities)."

There is nothing upon the face of the contract dated August 22, 1951, between S. T. Coats, N. A. Coats and Wyman Windham to show that it was for a commission for services as a real estate broker or dealer or salesman or that such contract was illegal or unenforceable in the hands of the Coats. The burden of proof, therefore, rested upon the appellees on the hearing on their plea in abatement to establish their allegations in the plea in abatement that the appellants were not entitled to institute and prosecute their suit because they had not alleged compliance with the Real Estate Dealers Act. This they failed to do by the evidence. There is no controversy as to the facts. We think the trial court was in error in sustaining the plea in abatement and the same should have been overruled and the cause tried upon its merits.

Accordingly, the judgment of the trial court is reversed, and judgment is here rendered overruling such plea in abatement, and the cause is remanded to the trial court for a trial on its merits.