In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00025-CV**

_____


**JUDY COOK, Appellant**

**V.**

**JOE ALFRED IZEN JR. AND KAREN LEE COOLEY, Appellees**


**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. CV1104671**


**MEMORANDUM OPINION**

All the parties appeal from the trial court's rulings on their respective combined traditional and no-evidence motions for summary judgment. In her appeal, Judy Cook argues the trial court erred in granting Joe Alfred Izen Jr.'s and Karen Lee Cooley's motion for summary judgment because fact issues exist that prevented the court from disposing of her claims by summary judgment. In a cross-appeal, Izen

1

and Cooley argue that the trial court erred by denying their requests for attorney's fees and sanctions. We conclude the issues the parties have raised in their respective appeals are either without merit or were not preserved for our review. For these reasons, we affirm the trial court's judgment.

Background

Izen is an attorney who holds a license to practice law in Texas. Cook is a Montana resident, who, at one time, held a license to sell real estate there. Cook has never been licensed to sell real estate in Texas.

Before the trial of the case that resulted in this appeal, Izen represented Cook in a lawsuit in Harris County, Texas. When that lawsuit ended, Cook failed to pay Izen's bill. In 2004, Izen sued Cook for the fees he claimed that Cook failed to pay. The parties settled that suit in October 2009. To carry out the settlement, Izen dismissed his suit against Cook in return for Cook's signing a $40,000 promissory note. The note required Cook to make monthly installment payments on the principal and interest due each month on her note.

The same day Cook signed the note, Cook, Cooley, and Izen signed a written agreement titled "AGREEMENT TO FORM AND MANAGE L.L.C." The 2009 Agreement contemplated that Cook would market and sell real estate that, on the date the agreement was signed, was owned by Izen, Cooley, and a company they

2

controlled. All the property that is described in the 2009 Agreement is in Liberty County. The 2009 Agreement anticipated that

- Cook, Cooley, and Izen would become members in a limited liability company named Cedar Woods Estates, L.L.C.;

- Izen and Cooley would perform the necessary legal and clerical work to develop any real estate held by Cedar Woods;

- Cook would market and sell any property acquired by Cedar Woods;

- Izen and Cooley would convey a 120-acre tract of property they own in Liberty County to Cedar Woods;

- Cook, Izen, and Cooley would contribute equally to the costs required to develop the property held by the L.L.C.;

- an entity, named Measures Realty Corporation, which Izen and Cooley controlled, would become a part of Cedar Woods, and any money that Cedar Woods realized from then sales of lots owned by Measures Realty would be used by Cedar Woods to "pay the development costs" incurred by Cedar Woods;

- Izen, Cooley, and Cook would receive equal membership interests in Cedar Woods;

- a debt owed to The Sykes Company for survey work on the land Cedar Woods was to acquire would "be paid out of the first profits[,]" of Cedar Woods, but Izen and Cooley were not assuming "any personal Liability (sic) for making such payments[;]"

- Cedar Woods recognized debts of $30,000 that it owed Cook for the payments she made toward developing the property identified in the agreement, and a debt of $10,000 that it owed to Izen for the payments he made toward developing the property identified in the agreement;

3

- funds advanced to Cedar Woods would "be treated as loans repayable by [Cedar Woods] to the member(s) advancing same[;]"

- the parties would use any money realized from the sales of property owned by Cedar Woods to pay the costs attributable to those properties; and

- the members of Cedar Woods would split the profits, if any, realized by Cedar Woods "[q]uarterly or as all members agree."

Several months after Cook signed the promissory noted, she defaulted on her obligation to make monthly payments. Also, Izen never formed Cedar Woods, and he and Cooley never transferred any real property to Cedar Woods.

In July 2011, Izen and Cooley sued Cook in Liberty County alleging they were entitled to rescission on the 2009 Agreement. When Cook answered, she filed a general denial and a counterclaim, alleging that Izen and Cooley breached the obligations they owed her under the 2009 Agreement.

In 2012, Cook amended her counterclaim, suing Izen and Cooley on theories ranging from promissory estoppel to fraud. In September 2015, Izen and Cooley amended their petition and added a claim alleging that Cook had defaulted on the promissory note she gave Izen in return for his agreement to dismiss his suit for attorney's fees.

In September 2016, Cook filed a hybrid traditional and no-evidence motion for summary judgment on Izen's and Cooley's claims. In October 2016, Izen and

4

Cooley filed a hybrid traditional and no-evidence motion for summary judgment. In their hybrid motion, Izen and Cooley addressed all of Cook's claims as well as their claims for rescission, Izen's claim to foreclose on Cook's note, and their claims seeking attorney's fees. Following a hearing, the trial court signed interlocutory orders on the cross-motions. In the orders, the trial court denied Cook's hybrid motion and granted Izen's and Cooley's hybrid motion, except as to their claims for attorney's fees.

Less than one month later, Cook filed a motion asking the court to reconsider its rulings on the parties' hybrid motions. In January 2017, the trial court conducted a hearing on Cook's request. By motion, Cook also asked the trial court to allow her to file additional summary judgment evidence. In the hearing, the trial court denied both of Cook's motion.

In the same hearing, the trial court considered Izen's and Cooley's requests for attorney's fees.[1] The trial court also considered Izen's and Cooley's motion for

---

[1] The traditional section of Izen's and Cooley's combined motion for summary judgment asked the trial court to award them attorney's fees of $106,325. Izen's and Cooley's combined motion includes an itemized bill for legal services performed between July 2011 and October 2016 on the suit that is the subject of this appeal. The bill appears to reflect fees for all the work Izen performed, ranging from the work required to defend Izen and Cooley from Cook's counterclaims to his work to foreclose on the note Cook signed in consideration for a release of Izen's claim for attorney's fees in the other suit.

sanctions. After hearing argument, the trial court denied Izen's and Cooley's request for sanctions and Izen's and Cooley's motion for summary judgment on their claims for attorney's fees. After announcing its rulings, the trial court stated: "I would like to have an order stating all of those things." At that point, Izen volunteered to draft the order. He suggested that the trial court include language of finality in the order so that it functioned as "a final judgment disposing of all parties and all claims[.]" The trial court agreed with Izen's suggestion, stating "[t]hat's certainly how I intend it to be."

Six days later, the trial court signed a final judgment. In the judgment, the trial court (1) ordered Cook to pay Izen $39,676.40 in unpaid principal and accrued interest due on Cook's note, (2) denied Izen's and Cooley's motion for summary judgment on their respective claims for attorney's fees, (3) ordered that Cook take nothing on her claims, (4) denied Izen's and Cooley's motion for sanctions, and (5) denied relief on all claims not otherwise mentioned. Later, all parties filed timely notices of appeal.

Standard of Review

We review rulings on motions for summary judgment using a de novo standard. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Because the trial court's judgment fails to specify the grounds on which it resolved

6

Izen's and Cooley's hybrid motion, we presume the ruling is based on one or more of the grounds that Izen and Cooley advanced in their motion. *See Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017). When a trial court's summary judgment ruling fails to identify the ground or grounds on which the trial court's ruling is based, we must affirm the judgment if any of the theories presented in the motion and preserved for appeal support the manner the trial court resolved the motion. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

In resolving Cook's appellate issues, we first consider the trial court's ruling on the no-evidence part of Izen's and Cooley's hybrid motion. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). Under Rule 166a(i) of the Texas Rules of Civil Procedure, a court may rule on a no-evidence motion for summary judgment after the party opposing the motion has had adequate time for discovery on the claims the moving party's no-evidence motion has challenged. Tex. R. Civ. P. 166a(i). Rule 166a(i) requires that trial courts "grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact" on the elements of the claims that the party moving for summary judgment has challenged. *Id.*

As for no-evidence motions for summary judgment, the Texas Supreme Court has explained the no-evidence motion must be granted if "'(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.'" *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Because a trial court's decision to grant a no-evidence motion for summary judgment is essentially a pretrial directed verdict, we use the same legal sufficiency standard to review the trial court's ruling that is used to review rulings on motions for directed verdicts. *Id*. at 750-51.

In their no-evidence motion, Izen and Cooley alleged that Cook could produce no evidence to show that the 2009 Agreement was valid, that Cook had performed or tendered performance under the agreement, that they had breached the agreement, or that Cook had been damaged by their alleged breach. These allegations shifted the burden of proof to Cook to produce enough evidence to show that a genuine issue of material fact existed on each of the elements of her breach of contract claim. *See* Tex. R. Civ. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

8

In reviewing the evidence Cook produced in response to Izen's and Cooley's no-evidence motion, we view the evidence the trial court considered in the light that favors Cook's claims. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In our review, we must determine whether the evidence before the trial court "'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Chapman*, 118 S.W.3d at 751 (quoting *Havner*, 953 S.W.2d at 711). If the party responding to a no-evidence motion fails to produce evidence sufficient to establish that fact issues exist on the elements of her claims that the no-evidence motion challenged, the trial court must grant the no-evidence motion. *See* Tex. R. Civ. P. 166a(i).

## Cook's Issues

Cook raises four issues in her appellate brief. In these, Cook argues the trial court erred (1) by failing to find that Izen and Cooley breached the 2009 Agreement; (2) by finding the agreement to be void; (3) by considering certain summary judgment attached to Izen's and Cooley's hybrid motion, declarations signed by Izen, in resolving the hybrid motions; and (4) by concluding that Cook defaulted on the note that she gave Izen.

We address the trial court's ruling on the no-evidence section of Izen's and Cooley's motion first. *See Ridgway*, 135 S.W.3d at 600. For convenience, we focus

9

on whether Cook produced evidence raising a fact issue showing she was damaged when Izen and Cooley breached the 2009 Agreement before addressing whether the record showed that a fact issue exists on the other elements of her breach of contract claim. In her brief, Cook argues that she was damaged when Izen and Cooley breached the 2009 Agreement because she was not compensated for the services she provided to them for her efforts to market and sell properties that they continued to own but should have transferred to Cedar Woods. As to Cook's damages, Cook's response to Izen's and Cooley's motion alleges that she "performed work, and [she] incurred out of pocket expenses" associated with marketing and sale of the properties that are the subject of the parties' 2009 Agreement.

On appeal, Cook cites four pages from her deposition in her brief to support her claim that she presented evidence to show that a fact issue existed on her damages claim. Cook, however, did not include these four pages in the response she filed in the trial court. Nor are the pages found elsewhere in the appellate record.[2]

---

[2] Cook attached sixty-five pages of documents to her response, but these do not include any pages from her deposition. The documents Cook attached to her response show that Cook received an invoice for a sign advertising property in Cedar Woods. The invoice, however, does not show that Cook paid the bill. Another document attached to Cook's response is an email from Izen to Cook. It reflects that Izen represented that he would mail the individual who sent the invoice for the sign a check.

Under the 2009 Agreement, Cook, Izen, and Cooley agreed to split the profits, if any, from the sales of land that Izen and Cooley agreed to convey to an entity to be named Cedar Woods. To prove that the breach of the agreement resulted in damages, Cook needed to produce some evidence to show the activities associated with carrying out the obligations under the 2009 Agreement would have produced profits. *See Southwest Battery Corp. v. Owen*, 115 S.W.2d 1097, 1098 (Tex. 1938) (explaining that a plaintiff cannot recover anticipated profits when the record fails to contain any evidence from which the profits may be estimated). The record before the trial court contains no evidence raising a fact issue showing that Cook would have received profits had Izen and Cooley performed the obligations imposed on them by the 2009 Agreement.

At most, Cook's evidence shows that she paid expenses and spent time and effort marketing the properties that are identified in the 2009 Agreement. But under the 2009 Agreement, any funds advanced by a member for the benefit of Cedar Woods were treated as loans payable by Cedar Woods. Thus, Cook's evidence that she spent time and money on the project and that her work generated offers fails to show that Cook would have realized a profit from the activities associated with the work she performed under the 2009 Agreement. *See Horizon Health Corp. v. Acadia Healthcare Co., Inc.*, 520 S.W.3d 848, 865 (Tex. 2017) (holding that the plaintiff's

11

evidence on damages was legally insufficient to support a jury's finding on lost profits when the evidence admitted in the trial addressed gross sales, not profits).

Assuming without deciding that the 2009 Agreement was enforceable, that Cook performed the obligations she had under the agreement, and that Izen and Cooley breached the agreement, the summary judgment evidence before the trial court fails to show that Cook would have realized a profit from the work she did or the loans she made to promote and develop Cedar Woods. Because Cook failed to meet her burden to raise an issue on whether she lost profits when Izen and Cooley breached the 2009 Agreement, we hold the trial court was authorized to grant Izen's and Cooley's no-evidence motion. Because we have resolved issue one against Cook, we need not address her next two issues. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

In issue four, Cook challenges the trial court's ruling allowing Izen to foreclose on her note. The trial court's ruling on this issue is based on the traditional section of Izen's and Cooley's hybrid motion. The summary judgment evidence relevant to Izen's claim on Cook's promissory note includes a copy of the note, Cook's deposition testimony acknowledging that she signed the note, and Izen's demand letter notifying Cook that she had defaulted on the note. In her brief, Cook has not argued that the summary judgment evidence failed to establish that she quit

making payments on the note. Instead, she argues that she was not in default because the value of the services she provided in performing the 2009 Agreement satisfied her payment obligations under the terms of her note.

We disagree with Cook's argument that the terms of her promissory note allowed her to substitute in-kind services for the obligation created by the note. The note called for Cook to pay the note "in the legal currency of the United States." None of the provisions in the note allowed Cook to fulfill her obligation by performing a service. Moreover, under the 2009 Agreement, Cook contributed her services to market and develop Cedar Woods in return for a one-third interest in Cedar Woods.

In her brief, Cook also raises a statute of limitations defense to Izen's legal right to recover what she owed on her note. According to Cook's brief, the four-year statute of limitations bars Izen's breach of contract claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2015) (providing a four-year statute of limitations for breach of contract claims). In response to Cook's argument, Izen contends that Cook failed to plead limitations as a defense and that her failure to raise limitations waived the defense.

The record shows that in September 2015, Izen sued Cook alleging that she was in default on her note, so he sued more than five years after Cook quit making

13

the monthly installment payments required by her note.[3] Our review of Cook's pleadings reveals that she failed to plead limitations until after the trial court granted Izen's motion. Under Rule 94 of the Texas Rules of Civil Procedure, limitations is an affirmative defense that must be pleaded to avoid waiver. Tex. R. Civ. P. 94. Under Texas law, "[a]n affirmative defense that is not pleaded or proved and on which findings are not obtained is waived and cannot be preserved by raising the affirmative defense for the first time in a motion for new trial." *Hamm v. Millennium Income Fund, L.L.C.*, 178 S.W.3d 256, 268 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (citing *In re C.M.*, 996 S.W.2d 269, 270 (Tex. App.—Houston [1st Dist.] 1999, no pet.)).

While a statute of limitations defense is an issue that the parties can try by consent, a trial by consent did not occur based on the record of the proceedings in this case. The record shows that Izen objected when Cook raised limitations for the first time in her motion to reconsider. *See Frazier v. Havens*, 102 S.W.3d 406, 411 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (explaining the record did not support the appellant's claim that the parties tried a statute of limitations issue by

---

[3] The summary judgment evidence includes an amortization schedule for Cook's note. Both the schedule and Cook's note reflect that the note was to be paid over a period of twenty years and that Cook had to make monthly payments on the debt beginning in the month of November 2009. There is no dispute between the parties that Cook quit making payments in 2010.

consent). It also shows that the trial court denied Cook's request to reconsider after informing Cook that her request to reconsider was untimely. Thus, the trial court never reached the merits of Cook's claim that Izen's breach of contract claim was barred by limitations. Because Cook failed to timely raise a limitations defense, we hold that she waived the defense and cannot rely on the defense to overturn the ruling the trial court made on Izen's claim.[4]

In a reply brief, Cook argues for the first time that the promissory note she gave Izen is unenforceable because the invoices Izen sent her on the note were issued by Izen & Associates, P.C., an entity that she argues is defunct. Yet Cook, while in the trial court, never challenged Izen's standing to sue her on his breach of contract claim. Therefore, Cook failed to preserve her lack of capacity argument for appellate review. *See* Tex. R. Civ. P. 93 (requiring defendants to file verified pleadings to challenge a plaintiff's legal capacity to sue).

---

[4] Even had Cook raised limitations promptly, Izen would have had a right to recover most of the money that Cook owed on her note. Most of Cook's installment payments were due within four years or later of September 1, 2015, the date that Izen first added his claim alleging that Cook had defaulted on her note. *See Wood v. Pyramid Cmty. Dev. Corp.*, No. 14-13-00990-CV, 2014 Tex. App. LEXIS 12578, at *21 (Tex. App.—Houston [14th Dist.] Nov. 20, 2014, no pet.) (mem. op.) (explaining that a debtor breaches an installment agreement each time the debtor misses a payment); *Slusser v. Union Bankers Ins. Co.*, 72 S.W.3d 713, 717 (Tex. App.—Eastland 2002, no pet.) (same).

Under Texas law, a party cannot raise issues that concern another party's lack of standing unless they file verified pleadings alleging lack of capacity before trial. *Id*. Cook failed to file a verified pleading challenging Izen's standing to sue her on the note. We hold that Cook cannot now challenge Izen's legal capacity to collect the money she owed on her note. *See Pledger v. Schoellkopf*, 762 S.W.2d 145, 146 (Tex. 1988) (holding that a verified plea must be filed if there is a question over a party's "right to bring suit or be sued"); *see also El T. Mexican Rests., Inc. v. Bacon*, 921 S.W.2d 247, 250 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (holding that a "[l]ack of capacity must be challenged with a verified plea in abatement or it is waived").

## Izen's Appeal

In two cross-points in their brief, Izen and Cooley argue the trial court erred by denying their claim for attorney's fees and by denying their motion for sanctions. *See* Tex. R. App. P. 38.2(b)(1) (allowing appellees to raise cross-points in their briefs). In a third cross-point, they request that this Court sanction Cook for pursuing what they argue is a frivolous appeal. Tex. R. App. P. 45 (authorizing appellate courts to award damages against a party for filing a frivolous appeal).

First, we address Izen's and Cooley's complaint that the trial court erred by denying their claims for attorney's fees. We note that Izen's and Cooley's arguments

16

encompass claims by Izen for attorney's fees for successfully prosecuting his claim to foreclose on Cook's note, the attorney's fees Izen and Cooley sought for Izen's work to defend against Cook's breach of contract claim, and attorney's fees for Izen's prosecuting Izen's and Cooley's claim for rescission. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(1) (West 2015) (authorizing recovery of attorney's fees when the party recovers on a contract), § 37.009 (West 2015) (authorizing award of court costs and reasonable and necessary attorney's fees in declaratory judgment actions "as are equitable and just"). We note that when the trial court denied the claims for attorney's fees, it made the ruling based on the traditional section of Izen's and Cooley's hybrid motion. For that reason, the trial court's ruling denying their claims was interlocutory, not final. *See Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972) (explaining that an interlocutory order disposing of some claims in a case does not become final until the trial court renders a judgment that disposes of all the claims before it).

As for Izen's claim for attorney's fees for foreclosing on Cook's note, we recognize that Izen has a statutory right to recover reasonable fees because he successfully prosecuted his breach of contract claim. *See Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) (holding that some award of attorney's fees is required under chapter

17

38 of the Texas Civil Practice and Remedies Code in a breach of contract case when the party is represented by an attorney and prevails on a claim alleging the other party breached the contract)). That said, the issue as to what amount is reasonable is one that is ordinarily a question of fact and cannot be decided without a trial. *See Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010) (noting that "[g]enerally, the determination of reasonable attorney's fees is a question of fact").

As to Izen's and Cooley's attorney's fees claim, Izen and Cooley are not entitled to recover fees for successfully prosecuting their no-evidence motion for summary judgment, as such an award is not authorized by statute. Under Texas law, a party may not recover attorney's fees unless attorney's fees are authorized by statute or by the parties' contract. *See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 95 (Tex. 1999). No statute authorizes a recovery of attorney's fees for successfully prosecuting a no-evidence motion for summary judgment. Additionally, the 2009 Agreement between Cook, Cooley, and Izen has no provision in it that authorizes the prevailing party to recover attorney's fees for filing or defending a breach of contract case. Therefore, Izen and Cooley are not entitled to attorney's fees for the time that Izen spent defending himself and Cooley against Cook's breach of contract claim. *Id.*

While we have recognized the trial court's error in completely denying Izen's claim for the attorney's fees associated with his claim to foreclose on Cook's note, we conclude the trial court's judgment should not be reversed based on that error. When the trial court announced its ruling denying all claims for attorney's fees, the ruling was proper because the ruling meant only that a fact issue existed on whether the fees were reasonable. In this case, the trial court's error occurred when the trial court made what should have been an interlocutory ruling final. By suggesting to the trial court that the court make its rulings final, Izen invited that error.

Under the invited-error doctrine, we cannot overturn a judgment that resulted from the trial court's agreement to comply with a request made by the party who is complaining about the ruling on appeal. *See* Tex. R. App. P. 33.1; *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005) (explaining that under the invited-error doctrine, a party cannot complain on appeal about an action that party specifically requested). The invited-error doctrine applies to Izen's and to Izen's and Cooley's claims for attorney's fees. For that reason, we overrule cross-point one.

In cross-point two, Izen and Cooley argue that the trial court abused its discretion by denying their motion for sanctions. We apply an abuse-of-discretion standard to review a trial court's ruling on a motion for sanctions. *Low v. Henry,* 221 S.W.3d 609, 614 (Tex. 2007). An abuse of discretion occurs if the trial court acted

without reference to any guiding rules or principles. *Horizon Health Corp.*, 520 S.W.3d at 884.

Izen and Cooley asked the trial court to impose sanctions on Cook and her attorneys under Chapter 10 of the Texas Civil Practice and Remedies Code and under Rule 13 of the Texas Rules of Civil Procedure. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.004(a) (West 2017) (authorizing sanctions against the party and the party's attorney if a court determines that a person has made a claim that has no reasonable basis in fact or under the law); Tex. R. Civ. P. 13 (authorizing trial court's to sanction parties and attorneys for filing pleadings that are knowingly groundless or false). The trial court denied their motion.

In their brief, Izen and Cooley have cited no cases where any appellate courts have overturned a trial court's decision denying a motion for sanctions. We note that when parties have moved for sanctions but the motion was denied, our sister courts have affirmed the rulings, explaining that no abuse of discretion occurred when the trial court denied the motion. *See In re Nicholas*, No. 09-08-00452-CV, 2010 Tex. App. LEXIS 3381 (Tex. App.—Beaumont May 6, 2010, pet. denied) (mem. op); *Great W. Drilling, Ltd. v. Alexander*, 305 S.W.3d 688, 697-98 (Tex. App.—Eastland 2009, no pet.); *Allstate Ins. Co. v. Garcia*, No. 13-02-092-CV, 2003 Tex. App. LEXIS 6246, at *2 (Tex. App.—Corpus Christi July 18, 2003, no pet.) (mem. op.).

20

Here, the trial court may have determined that Cook and her counsel did not bring claims that were groundless and brought in bad faith. *See* Tex. R. Civ. P. 13. Or, the trial court may have determined that Cook's claims, while without merit, did not violate Chapter 10. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (West 2017). We conclude that Izen's and Cooley's brief fails to show that the trial court abused its discretion by denying their motion for sanctions. We overrule cross-point two.

In their third cross-point, Izen and Cooley argue that this Court should sanction Cook and her attorneys for pursuing a frivolous appeal. In deciding whether sanctions are justified under Rule 45 of the Texas Rules of Appellate Procedure, we exercise caution. *See Goss v. Houston Cmty. Newspapers*, 252 S.W.3d 652, 657 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Whether to grant sanctions for a frivolous appeal is a matter of discretion that this court exercises with prudence and caution and only after careful deliberation in truly egregious circumstances."). "If an appellant's argument on appeal fails to convince us but has a reasonable basis in law and constitutes an informed, good-faith challenge to the trial court's judgment, sanctions are not appropriate." *Id.*

Mainly, Izen and Cooley argue that Cook's appeal is frivolous because the 2009 Agreement is unenforceable because Cook never held a license to sell real estate in Texas. *See* Tex. Occ. Code Ann. § 1101.806(b) (West Supp. 2018). While

21

we have not addressed that argument in resolving the parties' other issues, we address it to determine whether Cook's appeal is frivolous.

Examining the Occupations Code's requirement that individuals who market real estate must hold a real estate license, we note that various exceptions exist to the statute's requirement. *See Davis v. Campbell*, 524 S.W.2d 790 (Tex. Civ. App.—Dallas 1975, no writ) (explaining that the statutory licensing requirement did not apply to the owner's sale of his own property and no commission was involved); *Kaiser Gypsum Co. v. Jordan*, 399 S.W.2d 588 (Tex. Civ. App.—Waco 1966, writ ref'd n.r.e.) (noting that the statutory licensing requirement for realtors do not apply to individuals sharing profits who are engaging in a joint venture); *Mummert v. Stekoll Drilling Co.*, 352 S.W.2d 526, 527 (Tex. Civ. App.—Dallas 1961, writ ref'd n.r.e.) (recognizing that the statutory requirement to have a real estate license did not apply to "joint adventurers and transactions between joint adventurers"); *Coats v. Windham*, 254 S.W.2d 530, 534 (Tex. Civ. App.—Beaumont 1953, writ ref'd n.r.e.) (applying joint venture exception to a transaction involving timber deeds); *Gill v. Smith*, 233 S.W.2d 223, 229 (Tex. Civ. App.—Galveston 1950, writ ref'd n.r.e) (holding that real estate licensing requirement did not apply to prevent joint ventures from selling property and dividing the profits).

In our opinion, the parties to the 2009 Agreement structured the agreement in a way that allowed Cook to market and sell property as a joint venturer in a company in which she was a managing member. The agreement gave Cook the right to receive profits, not commissions, from the operations that involved Cedar Woods. Because Cook's claim that Izen and Cooley breached the 2009 Agreement was at least arguable, we cannot fairly characterize her suit as frivolous. *See* Tex. R. App. P. 45. For that reason, we overrule cross-point three.

Conclusion

For the reasons discussed, we affirm the trial court's judgment. We decline Izen's and Cooley's request to impose sanctions.

AFFIRMED.

_____

HOLLIS HORTON
Justice

Submitted on October 25, 2018
Opinion Delivered January 31, 2019

Before Kreger, Horton and Johnson, JJ.